IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC.,<br>on behalf of plaintiff and<br>the class members defined herein,<br><br>   Plaintiff,<br><br>   v.<br><br>MAYNE PHARMA, INC.,<br>and JOHN DOES 1-10,<br><br>   Defendants. | 16 cv 6654<br>Judge Der-Yeghiayan<br>Magistrate Judge Schenkier |

## SECOND AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Glen Ellyn Pharmacy, Inc., brings this action to secure redress for the actions of defendant Mayne Pharma, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3. Plaintiff Glen Ellyn Pharmacy, Inc., is an Illinois corporation with offices in Glen Ellyn, Illinois, where it maintains telephone facsimile equipment.

4. Defendant Mayne Pharma, Inc., is a North Carolina corporation with principal offices at 1240 Sugg Parkway, Greenville, North Carolina 27834. It is the U.S. subsidiary of Mayne Pharma Group Limited, a public company headquartered in Australia.

5. John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

7. Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

8. Venue in this District is proper for the same reason.

## FACTS

9. On June 16, 2016, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Appendix A on its facsimile machine.

10. Discovery may reveal the transmission of additional faxes as well.

11. Defendant Mayne Pharma, Inc., is responsible for sending or causing the sending

of the fax.

12. The fax advertised the commercial availability from Mayne Pharma, Inc., of Dofetilide capsules, a generic version of a drug called Tikosyn.

13. Prior to June 7, 2016, Pfizer was the only source of the drug in the United States.

14. Pfizer and Mayne had been engaged in patent litigation concerning the drug, which generated about $150 million in annual sales. In 2015, they reached a settlement allowing Mayne to sell the generic version in the United States as soon as the Food & Drug Administration ("FDA") approved it. (Appendix B)

15. On June 7, 2016, the FDA approved Mayne's generic version of the drug. (Appendix C, Appendix D, Appendix E)

16. On information and belief, Mayne had the first generic version of the drug for sale in the United States.

17. On information and belief, Mayne expected to receive and did in fact receive a 180-day exclusivity period as the first generic supplier of the drug in the United States. (Appendix B, Appendix D, Appendix E)

18. It was therefore important for Mayne to switch as many patients as possible to its generic version during that period.

19. Pharmacists have substantial ability to cause patients and physicians to select a cheaper, generic version of a drug as opposed to the patented version. In fact, under state law, a pharmacy has the right to substitute a generic drug unless the physician affirmatively directs that one may not be substituted. E.g., 225 ILCS 85/25. The fax was thus sent to the party who had the right to make the purchasing decision for the patient, for the purpose of causing

selection of Mayne's generic product in lieu of Pfizer's non-generic product.

20. On information and belief, Mayne placed tremendous pressure on sales personnel to switch patients to its generic product.

21. To generate immediate sales and get as much as possible of the $150 million in annual sales of the drug, Mayne Pharma, Inc., instituted a promotional offer whereby it would pay the patient copay for its drug. (Appendix F, Appendix G) It is this offer that is referenced in the fax complained of (Appendix A).

22. To generate immediate sales, Mayne Pharma, Inc., sent out the fax at issue to numerous persons and entities in the medical field, including plaintiff, announcing that it now offered the drug and touting its promotional payment of the copay.

23. Defendant Mayne Pharma, Inc., as the entity who products or services were advertised in the fax, derived economic benefit from the sending of the fax.

24. Defendant Mayne Pharma, Inc., either negligently failed to comply with the TCPA in sending the faxes, or decided that the profits to be made from the drug warranted willfully violating the rights of plaintiff and other recipients in sending the faxes.

25. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

26. Neither plaintiff nor anyone else in the United States had purchased the drug advertised in Appendix A as of June 7, 2016, as it was not available.

27. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

28. The fax does not contain an "opt out" notice that complies with 47 U.S.C. §227.

29. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

30. The TCPA provides for affirmative defenses of consent or an established business relationship. Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA. *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).

31. On information and belief, defendant has transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

32. There is no reasonable means for plaintiff or other recipients of Defendant's unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

33. Plaintiff incorporates ¶¶ 1-32.

34. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

35. The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

36. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

37. Plaintiff and each class member is entitled to statutory damages.

38. Defendant violated the TCPA even if its actions were only negligent.

39. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

40. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Mayne Pharma, Inc., promoting its goods or services for sale (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

41. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

42. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions

include:

    a.    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

    b.    The manner in which Defendant compiled or obtained its list of fax numbers;

    c.    Whether Defendant thereby violated the TCPA;

43. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

44. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

45. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

46. Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.*, 10 C 1315, 2010 U.S. Dist. LEXIS 108339,

2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.*, 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.*, 306 S.W.3d 577 (Mo. App. 2010).

47. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax advertising;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

        /s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\32876\Pleading\2d Amended Complaint_Pleading.WPD

## CERTIFICATE OF SERVICE

I, Dulijaza Clark, hereby certify that on August 26, 2016, I caused a true and accurate copy of the foregoing document to be electronically filed with the Clerk of the United States District for the Northern District of Illinois by filing through the CM/ECF system, which served a copy upon all counsel of record.

/s/ Dulijaza Clark
Dulijaza (Julie) Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)