IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 16 C 6654 |
| | ) | |
| MAYNE PHARMA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Mayne Pharma, Inc.'s (Mayne Pharma) motion to dismiss. For the reasons stated below, Mayne Pharma's motion to dismiss is denied.

## BACKGROUND

On June 16, 2016, Glen Ellyn Pharmacy allegedly received an unsolicited fax (Fax) from Mayne Pharma on its facsimile machine. The Fax concerned the approval of the generic drug Dofetilide and a savings plan for patients purchasing

1

the drug. The Fax also contained processing instructions for pharmacists. Glen Ellyn Pharmacy contends that this unsolicited Fax constitutes an advertisement in violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227. Glen Ellyn Pharmacy alleges deprivation of paper, ink, and toner as well as the use of its fax machine. Mayne Pharma now moves to dismiss Glen Ellyn Pharmacy's claim.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

In the instant action, Glen Ellyn Pharmacy alleges that Mayne Pharma violated the TCPA by sending unsolicited faxes to Glen Ellyn Pharmacy. Mayne Pharma contends that the Fax received does not constitute an advertisement and therefore does not violate the TCPA. The TCPA clearly states that it is unlawful for any person "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. §227(b)(1)(C). The TCPA defines unsolicited advertisement as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. §227(a)(5). The TCPA provides for affirmative defenses of established business relationships and consent, which require

3

opt out notices to be included with the fax. 47 U.S.C. § 227(b)(1)(C)(iii), (2)(D); See *Holtzman v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013)(stating that "[e]ven when the Act permits fax ads-as it does to persons who have consented to received them, or to those who have established business relations with the sender- the fax must tell the recipient how to stop receiving future messages").

Plaintiff alleges that Mayne Pharma violated the TCPA by sending the unsolicited Fax to Glen Ellyn Pharmacy. Plaintiff alleges that no prior relationship existed with Mayne Pharma and that Plaintiff never authorized the sending of fax advertisements from Mayne Pharma. Plaintiff also alleges that the Fax did not contain an opt out notice. Plaintiff has adequately pleaded a claim under the TCPA. Therefore, the motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Mayne Pharma's motion to dismiss is denied.

　　　　　　　　　　　　　　　　／s／ Samuel Der-Yeghiayan
　　　　　　　　　　　　　　　　Samuel Der-Yeghiayan
　　　　　　　　　　　　　　　　United States District Court Judge

Dated: March 28, 2017