IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Glen Ellyn Pharmacy, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | 16-cv-6654 |
| | ) | |
| v. | ) | Judge Pallmeyer |
| | ) | |
| Mayne Pharma, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL ORDER OF APPROVAL

On March 22, 2019, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Glen Ellyn Pharmacy, Inc. ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant Mayne Pharma, Inc. ("Mayne Pharma" or "Defendant"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On August 14, 2019, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. [*No persons appeared in Court seeking to address the proposed settlement.*] Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, because no Settlement Class have class members have opted out of the Settlement, all are bound by this Order Finally Approving the Settlement and the Settlement Agreement. Attached hereto as *Exhibit A* is a list of all opt-outs.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> (a) all persons and entities (b) who, on or about June 16, 2016, (c) were sent faxes by or on behalf of defendant Mayne Pharma, Inc., related to its Dofetilide $0 Co-pay Program (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Glen Ellyn Pharmacy, Inc. is designated as representative of the Settlement Class.

7. Dulijaza (Julie) Clark and Daniel A. Edelman of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

### Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by U.S. Mail to each Settlement Class Member whose address could be identified through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on its firm website, www.edcombs.com. The Class Notice and Settlement Agreement (without exhibits) were also posted on [class administrator's website]. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

10. No objections were filed by Class Members.

11. No person or entity has validly requested exclusion from the Settlement Class.

### Class Compensation

12. In accordance with the terms of the Settlement Agreement, Mayne Pharma, Inc., shall provide a total of $2,000,000.00 to create a Settlement Fund, less any costs advanced for

notice and administrative expenses pursuant to the Settlement Agreement. No portion of the Settlement Fund shall revert back to Defendant.

### Releases

13. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

14. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $653,333.33 as an award of attorney's fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable.

15. The Court grants Class Counsel's request for an incentive award to the class representative and awards $10,000.00 to Glen Ellyn Pharmacy, Inc. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund.

### Other Provisions

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this

or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18. The Court orders Mayne Pharma, Inc., or their agents, to deliver the Net Settlement Fund to Class Administrator, as set forth in the Parties' Settlement Agreement.

19. The Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as that term is defined in the Settlement Agreement.

20. Class Counsel or the Class Administrator shall make the *cy pres* payment in equal shares to the Chicago Bar Foundation and the North Carolina Bar Foundation thirty (30) days after expiration of the void date on the Class Members' checks.

21. Class Counsel and/or the Class Administrator shall file an affidavit of final accounting of the settlement by January 6, 2020.

22. Class-Settlement.com shall be the Class Administrator to make claim payments and issue and collect W-9 forms.

ENTER:

Dated: October 24, 2019

_____
REBECCA R. PALLMEYER
United States District Judge